IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RHONDA ENGLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | |
| DAVITA RX, LLC ) | |
| ) | NO.: _____ |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Rhonda Englin, and files this lawsuit against Defendant DaVita RX, LLC ("hereinafter DaVita") and shows the following:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action also seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant DaVaita (hereinafter referred to as the "relevant time period").

1

## JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b).

4.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's former work location: 105 Collier Rd NW, Atlanta, Georgia 30309-1730.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## PARTIES

5.

Plaintiff is a citizen of the State of Georgia, and is subject to the jurisdiction of this Court.

6.

Defendant DaVita is a foreign corporation qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.

7.

Defendant DaVita may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 140 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## **FACTUAL ALLEGATIONS**

8.

Plaintiff began working at DaVita in April 2005 as a Clinical Nurse Manager and moved to the Piedmont Clinic in 2007.

9.

By 2011, Plaintiff was paid approximately $35 per hour and worked at both the Piedmont and Loring Heights clinics.

10.

Between December 2011 and April 2013, Plaintiff worked approximately ten (10) hours of overtime per week performing additional administrative tasks as instructed by the Facility Administrator.

11.

When she complained to the Facility Administrator about the unpaid overtime, he denied her request for overtime pay and attempted to pay her for some of these extra hours using the mileage budget for the clinic.

12.

Plaintiff was never paid for these overtime hours.

13.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

Case 1:13-cv-04139-WEJ   Document 1   Filed 12/13/13   Page 4 of 6

14.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

15.

Defendants employed the named Plaintiff during the relevant time period.

16.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 when working more than forty (40) hours per week.

17.

Defendant DaVita is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

18.

Defendant DaVita is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

19.

Defendant is governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

4

## Violation of the Overtime Wage Requirement
## of the Fair Labor Standards Act against both Defendants

20.

Defendant has violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

21.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

22.

WHEREFORE, Plaintiff demands judgment as follows:

(a) That this Court declare and adjudge Defendant to have violated Plaintiff's rights under the FLSA;

(b) Enter judgment awarding Plaintiff unpaid overtime wages pursuant to the FLSA § 7, 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(c) That Plaintiff recover her reasonable attorneys' fees and costs from

Defendants incurred in bringing this action;

(d) Grant Plaintiff a trial by jury as to all triable issues of fact; and

(e) For all other such relief as is deemed just and proper

Respectfully submitted, this 13th day of December, 2013.

**THE SHARMAN LAW FIRM LLC**

/s/ Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff